GEMSA v. DORNER.

BROKERS—COMMISSIONS—SALES—ROYALTIES—PATENTS.
  Where owner of certain patents agreed to pay plaintiff five per cent. on cash sales and two and one-half per cent. of all royalties, and sale was made which included royalties under outstanding and future licenses, plaintiff was entitled to receive five per cent. under sale provision.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 14, 1932. (Docket No. 110, Calendar No. 36,727.) Decided January 3, 1933.

Three separate actions of assumpsit by Joseph Gemsa against Herman Dorner under a contract for selling certain patent rights. Cases consolidated. Judgment for plaintiff. Defendant appeals. Affirmed.

*Hobart B. Hoyt* (*Edward H. Rakow,* of counsel), for plaintiff.

*Pliny W. Marsh* (*John W. Hindes,* of counsel), for defendant.

WIEST, J. Defendant held patents on oil burning engines, and engaged plaintiff's services under the following agreement:

"I hereby agree that if I succeed in selling or leasing any of my rights and interests of my patents covering said engine, in the United States of America, you are to receive five per cent. of all cash and two and a half per cent. interest of all royalties which I may receive."

This suit was brought to recover the stipulated compensation of five per cent., and plaintiff's right to recover on that basis, rather than two and one-half per cent., depends upon whether a contract between defendant and the Packard Motor Car Company, dated July 15, 1930, was one of sale. That contract recited:

"Whereas, Dorner desires to sell and Packard desires to acquire, further rights and interests in and to said inventions and patents issued therefor, together with the royalties hereafter accruing unto Dorner under said Harvester agreements."

Mr. Dorner had previously granted the International Harvester Company and the Packard company licenses under royalty agreements, and such were outstanding, and future royalties thereunder were calculated and made to constitute a part of the purchase price of $400,000. This sale transferred to the Packard company all future royalties from the Harvester company, with a protective provision for Dorner's contingent liability under the Harvester company agreements. It seems that Dorner wanted to share in profits the Packard company might receive from licenses granted in countries where he had no patents, so $40,000 of the $400,000 consideration was to quiet that subject. The contract also stated:

"The sum of $400,000 hereinbefore specified to be paid by Packard to Dorner, is herewith determined and computed in the following manner, to wit: $242,500 as royalties under the Packard license agreement, $100,000 as payment for Dorner's interest in the royalties accruing under said Harvester agreements, $40,000 to quiet the controversy regarding foreign rights of Dorner, referred to in item 3 hereof, and $17,500 as consideration for the sale of the patents, patent applications and inventions, as hereinbefore specified."

There is much more in the contract, but enough has been stated to cover the issues here presented.

It was clearly a contract of sale, not only of the patents but also of the Harvester royalty license contracts, with a part of the purchase price a release of the purchaser from its royalty license agreement under a set figure.

We cannot hold that the mentioned royalty license agreements survive the sale and retain their identity to the extent of relegating plaintiff's commission to

computation thereon. The royalty license of the Packard company was no longer effective, and the Harvester company royalty license contracts passed from Dorner to the Packard company. The value set upon the license contracts was fixed for the purposes of the sale, but such value did not, in the absence of agreement thereto by plaintiff, fix his commission as upon royalties. Defendant, by sale, ended royalties from the Packard company and has rendered computation of royalties impossible except upon his composition, and, having destroyed the basis of any other agreed compensation, has brought to plaintiff the right to have commission upon the full sale price.

The judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.